[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

No. 09-15897
Non-Argument Calendar

_____

D. C. Docket No. 08-00175-CR-FTM-99DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO REYES-GUTIERREZ,
a.k.a. Pedro Reyes Gutierrez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 30, 2010)

Before CARNES, MARCUS and FAY Circuit Judges.

PER CURIAM:

Pedro Reyes-Gutierrez appeals from his 77-month sentence, imposed

following his conviction for illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). Reyes-Gutierrez argues that his sentence is procedurally unreasonable because the district court failed to adequately explain the basis for his sentence, and also failed to adequately consider the mitigating evidence and arguments that he presented during his sentencing hearing.[1]

In addition, Reyes-Gutierrez argues that his sentence, which is at the low end of his guideline range, is substantively unreasonable. In support of this argument, Reyes-Gutierrez points to his familial ties, and asserts the 36-month sentence that he suggested at sentencing would be severe. Reyes-Gutierrez also asserts that there were mitigating circumstances surrounding his past offenses.

For the reasons set forth below, we affirm.

## I.

A federal grand jury indicted Reyes-Gutierrez, charging that he, an alien who had been convicted of a felony offense, had unlawfully entered the United States after having previously been removed from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). Reyes-Gutierrez pled guilty to the offense.

In preparing the presentence investigation report ("PSI"), the probation

---

[1] Reyes-Gutierrez also argues, in his reply brief, that the district court procedurally erred by treating his guideline range as presumptively reasonable. We do not address this argument, as Reyes-Gutierrez failed to raise it in his initial brief. *See United States v. Britt*, 437 F.3d 1103, 1104-05 (11th Cir. 2006).

officer noted that immigration authorities had deported Reyes-Gutierrez in July 2008. Thereafter, Reyes-Gutierrez was arrested in Florida on November 12, 2008, for committing battery against his wife, Solidad Soriano. In an interview with a U.S. Immigration and Customs Enforcement officer, Reyes-Gutierrez admitted that he had re-entered the United States approximately one month after his deportation in July. In reviewing Reyes-Gutierrez's criminal history, the probation officer reported that, in 1999, Reyes-Gutierrez had sustained a conviction for aggravated assault on a law enforcement officer. In addition to his aggravated-assault conviction, Reyes-Gutierrez had sustained two convictions for battery. The arrest reports reflected that these convictions arose out of incidents of domestic violence by Reyes-Gutierrez against Soriano. In connection with his more recent battery conviction, the arrest report had stated that Reyes-Gutierrez partially had choked Soriano with a bandana, and had threatened to kill her.

In reviewing Reyes-Gutierrez's personal history, the probation officer reported that Reyes-Gutierrez and Soriano had 4 children between the ages of 4 and 11, and that Reyes-Gutierrez provided the majority of the family's financial support. Soriano informed the U.S. Probation Office that Reyes-Gutierrez was a "good father and husband," and stated that she would like for Reyes-Gutierrez to return to their residence and live with their family. The PSI reported that Reyes-

Gutierrez's total offense level was 21, which, when combined with his criminal history category of VI, produced a guideline range of 77 to 96 months' imprisonment.

At sentencing, the court adopted the factual statements and guideline applications in the PSI. Reyes-Gutierrez argued that, in light of the sentencing factors set forth in 18 U.S.C. § 3553(a), the court should grant him a downward variance. In mitigation of his sentence, Reyes-Gutierrez presented the statements of his sister and his 11-year-old daughter. Reyes-Gutierrez's sister and daughter informed the court that Reyes-Gutierrez was the primary source of his family's financial support. In further mitigation of his sentence, Reyes-Gutierrez argued that his criminal history, as a whole, did not demonstrate that he was a violent person, and asserted that many of his offenses bore a connection to his problem with alcohol consumption. He pointed out that, although he twice had been convicted of battery against Soriano, Soriano had informed the U.S. Probation Officer that she hoped that Reyes-Gutierrez would be able to resume residing with their family. Reyes-Gutierrez emphasized that he had re-entered the United States in order to provide for his family. He suggested that a 36-month term of imprisonment would be sufficient to serve the statutory purposes of sentencing, as 3 years in prison constitutes a severe punishment.

The court imposed a sentence of 77 months' imprisonment, stating, "[T]he [c]ourt is required to impose a sentence that is sufficient, but not greater than necessary, after considering all the statutory factors. Your attorney has gone over those, and I've considered all those factors." The court further stated that, although Reyes-Gutierrez's guideline range was advisory, a downward variance was not warranted under the § 3553(a) factors. The court next stated:

> You have an extensive criminal history for the last ten years. You've been committing crimes. Some less serious than others, of course. But, as a result of that, you score the highest criminal history category that the [G]uidelines have. You violated probation on several occasions. All of this is by a person who is not supposed to be in this country at all.
>
> I'd be more impressed with the pleas with regard to family membership if your last conviction hadn't been battery upon your wife. You've used a number of aliases, a number of different dates of births. You have drug and alcohol issues. You've committed crimes of violence, in my view, as exemplified by the two battery convictions and the aggravated assault on a law enforcement officer that's in your history.
>
> You were deported from the United States relatively recently. You came back almost immediately. There's no doubt in my mind that you are going to do the same thing if given another opportunity.

After imposing sentence, the court asked the parties if there were any objections to the sentence or the manner in which it was imposed. Reyes-Gutierrez objected that his sentence constituted an abuse of the court's discretion, and asserted that a downward variance was warranted. The court overruled the objection.

5

**II.**

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Guidelines are advisory in nature, and "a sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Hunt*, 459 F.3d 1180, 1181-82 & n.3 (11th Cir. 2006). The reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).[2]

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guideline range, treated the Guidelines as mandatory, failed to consider the factors set forth in 18 U.S.C. § 3553(a), selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Section 3553(a) provides that district courts imposing a sentence must consider, *inter alia*:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

[2] The government argues that Reyes-Gutierrez's procedural-reasonableness arguments are subject to plain-error review because he did not raise these arguments before the district court. We do not decide whether plain-error review would apply in this case because, as explained below, Reyes-Gutierrez's sentence is procedurally reasonable under either an abuse-of-discretion or plain-error standard of review.

(B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and] (3) the kinds of sentences available.

18 U.S.C. § 3553(a)(1)-(3). The court also should consider the applicable guideline range, any pertinent policy statements promulgated by the Sentencing Commission, the need to avoid any unwarranted sentencing disparities, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(4)-(7).

A district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50, 128 S.Ct. at 597. Specifically, § 3553(c) requires that, "[t]he sentencing judge . . . set forth [sufficient reasoning] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

Procedural reasonableness does not require that a court recite or discuss each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (addressing whether a defendant's sentence was procedurally reasonable under *Booker*); *see also United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir.

2006) (addressing whether the court adequately articulated the basis for the defendant's sentence, as required by 18 U.S.C. § 3553(c)(1)). Rather, it is sufficient if a court merely states that, in selecting the defendant's sentence, it has considered the parties' arguments and the § 3553(a) factors. *Scott*, 426 F.3d at 1329-30. On the other hand, a district court need not expressly mention § 3553(a) where its reasoning demonstrates that it considered the § 3553(a) factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

Here, the district court did not abuse its discretion by failing to adequately explain the basis for its sentence. The court expressly stated that it had considered "all" of the § 3553(a) factors in determining Reyes-Gutierrez's sentence, and noted that Reyes-Gutierrez had presented arguments as to the application of the § 3553(a) factors. Moreover, by discussing the extent and nature of Reyes-Gutierrez's criminal history, as well as the fact that Reyes-Gutierrez had re-entered the United States one month after he was deported, the court demonstrated its consideration of several of the § 3553(a) factors—namely, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to provide for adequate deterrence and to protect the public from future crimes. In its reasoning, the court made clear that, although Reyes-Gutierrez had familial obligations, a guideline sentence was warranted due to his past crimes and

8

demonstrated disregard for the law. Accordingly, the court's reasoning was sufficient to provide for meaningful appellate review.

Moreover, while Reyes-Gutierrez asserts that the court failed to adequately consider his mitigating arguments and evidence, the court expressly discussed Reyes-Gutierrez's emphasis on his relationship with his family, and concluded that this argument was undermined by Reyes-Gutierrez's two convictions for committing battery against his wife. In addition, although the court did not separately address Reyes-Gutierrez's request for a 36-month sentence, the court made clear that it rejected this proposed sentence due to the extent and nature of Reyes-Gutierrez's criminal history. Accordingly, Reyes-Gutierrez's argument in this regard lacks merit.

**III.**

"[A] sentence may be substantively unreasonable, regardless of the procedure used." *Hunt*, 459 F.3d at 1182 n.3. The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]here is a range of reasonable sentences from which the district court may choose," and, when the court imposes a sentence that is within the guideline range, we ordinarily expect that sentence to be reasonable. *Id.*

9

A district court possesses "considerable discretion" in weighing the § 3553(a) factors, and we defer to the district court's judgment unless it made "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quotation omitted).

Reyes-Gutierrez has failed to meet his burden of establishing that his 77-month sentence is substantively unreasonable. This sentence was within Reyes-Gutierrez's guideline range, and well below the applicable statutory-maximum term of ten years' imprisonment. *See* 8 U.S.C. § 1326(b)(1). While Reyes-Gutierrez emphasizes his familial ties and the length of his proposed 36-month sentence, and asserts that there were mitigating circumstances surrounding his criminal history, these arguments do not demonstrate that his sentence is substantively unreasonable. As the district court correctly noted, Reyes-Gutierrez's argument that his familial ties warranted a downward variance was undermined by the fact that he had sustained two convictions for battery against his wife. In this regard, it bears noting that the facts underlying Reyes-Gutierrez's second battery conviction indicated that this battery was particularly violent, as the offense involved choking and a death threat. In addition, this battery conviction occurred recently, in November 2008, only several months after Reyes-Gutierrez

10

was deported from the United States in July 2008. Moreover, Reyes-Gutierrez's re-entry into the United States only one month after he was deported demonstrated his disregard for the immigration laws. In light of these facts, the district court did not commit a clear error of judgment in concluding that a sentence at the low end of Reyes-Gutierrez's guideline range was warranted. Accordingly, Reyes-Gutierrez's has failed to demonstrate that his 77-month sentence is outside the range of reasonable sentences. As a result, the district court did not abuse its discretion by imposing a 77-month sentence.

**AFFIRMED.**